UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY BYBERG,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                               /

Case. No. 12-10158
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 27, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter currently comes before the Court on the Magistrate Judge's Report and Recommendation [dkt 12], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 8] be granted, Defendant's Motion for Summary Judgment [dkt 11] be denied, and that this case be remanded for further proceedings under the fourth sentence of 42 U.S.C. § 405(g). Defendant filed an objection to the Magistrate Judge's Report and Recommendation [dkt 13]. Plaintiff has not yet filed a response to the objection and the Court finds it unnecessary at this time.

The Court has thoroughly reviewed the court file, the respective motions, and the Report and Recommendation, and Defendant's objections. For the reasons discussed below, the Court

ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this case is remanded for further proceedings. The Court will briefly address Defendant's objections.

## II.  LEGAL STANDARD

The Court examines an ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision even if it may decide the case differently, and even if substantial evidence also supports the claimant's position. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III. ANALYSIS

Defendant objects to the Magistrate Judge's finding that a medical opinion is required to determine whether Plaintiff's impairments met or medically equaled a listed impairment. In support,

Defendant relies on *Gallagher v. Comm'r of Soc. Sec.*, No. 10-cv-12498, 2011 WL 3841632 (E.D. Mich. March 29, 2011) and *Timm v. Comm'r of Soc. Sec.*, N0. 10-cv-10594, 2011 WL 846059 (E.D. Mich. Feb. 14, 2011). Those cases held that an ALJ was not required to obtain medical evidence on the issue of equivalency in cases using the single decisionmaker (SDM) model. The Magistrate Judge already rejected those cases as unpersuasive in his Report and Recommendation and the Court agrees.

While Defendant is correct that the SDM model was tested in Michigan as a way to streamline cases, Defendant is incorrect that SSR 96-6p is displaced by the SDM model. The SDM model is utilized when "having a single decisionmaker make the *initial determination* [of disability] with assistance from medical consultants, where appropriate . . . ." 20 C.F.R. § 404.906 (emphasis added). The initial determination precedes a claimant's request for an ALJ hearing. "The 'single decisionmaker model' was an experimental modification of the disability determination process that happens to have been used in Michigan. This experiment eliminated the reconsideration level of review and allowed claims to go straight from initial denial to ALJ hearing." *Leverette v. Comm'r of Soc. Sec.*, No. 10-10795, 2011 WL 4062380, at *2 (E.D. Mich. Aug. 17, 2011) (citing 20 C.F.R. 404.906(b)(2), 416.1406(b)(2)). Once a hearing is requested, however, SSR 96-6p is applicable and requires a medical opinion on the issue of equivalence. Defendant's attempt to expand the purposes of the SDM model beyond the initial determination of disability and into the proceedings before the ALJ is misplaced. Accordingly, because the ALJ's failure to rely on any medical opinion on the issue of equivalence was not harmless error, the Court adopts the Magistrate Judge's findings.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Court ADOPTS the Magistrate Judge's Report and Recommendation [dkt 12]. Plaintiff's Motion for Summary Judgment [dkt 8] is GRANTED, Defendant's Motion for Summary Judgment [dkt11] is DENIED, and this case is

3

remanded to the Commissioner for further proceedings consistent with the Magistrate Judge's Report and Recommendation.

     IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              Hon. Lawrence P. Zatkoff
                                              U.S. District Judge

Date: March 27, 2013