UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHERRY BYBERG, | Case No. 12-10158 |
| Plaintiff, | Lawrence P. Zatkoff |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES (Dkt. 16)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed the instant claims on February 25, 2010, alleging that she became unable to work on June 4, 2009.  (Dkt. 5-2, Pg ID 31).  The claim was initially disapproved by the Commissioner on July 21, 2010.  (Dkt. 5-2, Pg ID 31). Plaintiff requested a hearing and on May 3, 2011, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Richard L. Sasena, who considered the case *de novo*.  In a decision dated August 23, 2011, the ALJ found that plaintiff was not disabled.  (Dkt. 5-2, Pg ID 31-41).  Plaintiff requested a review of this decision on September 8, 2011.  (Dkt. 5-2, Pg ID 27).  The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits, the Appeals Council, on December 14, 2011, denied plaintiff's request

for review. (Dkt. 5-2, Pg ID 19-21); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

On January 13, 2012, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Lawrence P. Zatkoff referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claims for a period of disability and social security income benefits. (Dkt. 3). This matter came before the Court on cross-motions for summary judgment (Dkt. 8, 11), on which the undersigned recommended that plaintiff's motion for summary judgment be granted and that defendant's motion be denied. (Dkt. 12). On March 27, 2013, Judge Zatkoff adopted this recommendation and remanded for further proceedings. (Dkt. 14, 15).

On April 19, 2013, plaintiff filed a motion for attorney fees under the Equal Access to Justice Act. (Dkt. 16). The Commissioner filed response on May 1, 2013. (Dkt. 17). This matter was then referred to the undersigned for report and recommendation. (Dkt. 18). For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

## II.  DISCUSSION

### A.  Legal Standard

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Department of Labor Sec'y v. Jackson Co. Hosp.*, 2000 WL 658843, *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989); *see also Noble v. Barnhart*, 230 Fed.Appx. 517, 519 (6th Cir. 2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Comm'r,*

*INS v. Jean*, 496 U.S. 154, 158 n. 6 (1990). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. 1997); see also *Couch v. Sec'y of Health and Hum. Serv.*, 749 F.2d 359, 359 (6th Cir. 1984); see also *Comm'r, INS v. Jean*, 496 U.S. 154, 161-162 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA - like other fee-shifting statutes - favors treating a case as an inclusive whole, rather than as atomized line-items.").

  B. <u>The Parties' Arguments</u>

 Plaintiff relies on *Hudson v. Secretary of Health & Human Services.*, 839 F.2d 1453 (11th Cir 1988), in which the court determined that the failure of the Commissioner to follow the requirements of applicable regulations renders the Commissioner's position not substantially justified and entitles plaintiff to an EAJA attorney fee award. Plaintiff contends that this matter is similar, given that the ALJ failed to obtain a medical opinion on the issue of equivalence in violation of SSR 96-6p, requiring a remand.

 According to the Commissioner, the government's position meets the substantial justification standard. The Commissioner points out that while plaintiff sought remand on multiple substantive grounds, the undersigned recommended remanding this matter for one reason that plaintiff did not herself

raise: the state agency medical opinion of record was issued by a non-physician single decisionmaker who lacked the qualifications to determine whether plaintiff's impairments met or medically equaled an impairment listed at 20 C.F.R. Part 404, Subpart. P, Appendix 1 (the Listings). (Dkt. 12, pp. 14-20). The Commissioner further points out that the undersigned rejected the arguments that plaintiff did raise: that the ALJ did not accurately assess the limiting effects of her fibromyalgia and did not give sufficient deference to the opinions of her treating physicians. *Id*. at 20-22. In doing so, the Commissioner argues that the Court not only took note of plaintiff's "very conservative routine treatment" and her failure to follow her doctor's recommendation to undergo physical therapy, but also accurately concluded that plaintiff's "treating physician records showed improvement in plaintiff's condition and that she was being weaned off pain medications." *Id*. at 22.

According to the Commissioner, the recommendation and opinion adopting the recommendation both demonstrate that the government was substantially justified in defending the Commissioner's decision given the ultimate finding that the ALJ properly rejected the opinion of plaintiff's treating physician and accurately assessed the limiting effects of plaintiff's fibromyalgia. Indeed, the Commissioner points out, the undersigned agreed with the ALJ's observation that plaintiff's treatment was "very conservative" and routine, that plaintiff was

hesitant to undergo recommended physical therapy, and that treatment records showed improvement in plaintiff's condition and that she was being weaned off pain medication. (Dkt. 12, p. 22). And, the Commissioner again points out that the court remanded this matter on a ground that plaintiff herself did not raise: the state agency medical opinion of record was issued by a non-physician single decisionmaker who, according to the undersigned, lacked the qualifications to determine whether plaintiff's impairments met or medically equaled a Listing. At the time the government defended this matter, the Commissioner contends that it could not foresee the Court's rejecting the Commissioner's decision on this ground given that plaintiff herself never raised it. Additionally, the Commissioner argues that the regulations and other court decisions gave the government a reasonable basis for defending the decision. While this Court ultimately rejected the merits of the government's reasoning, that is not enough to find that the government was not substantially justified in defending the decision. The Commissioner contends that, while the government's defense ultimately proved unsuccessful, the regulations and cases show that it was reasonable for the government to defend the Commissioner's decision.

    C.    <u>Analysis and Conclusion</u>

"The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his

findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, 1999 WL 1045072, *4 (6th Cir. 1999); *see also Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 760-61 (N.D. Ohio 2008) ("[a]lthough there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"). "The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits .... This is not a case where the claimant presented overwhelming proof of disability." *Saal v. Comm'r of Soc. Sec.*, 2010 WL 2757554, *3 (W.D. Mich. 2010).

In the view of the undersigned, the error for which this case was remanded relates primarily to an issue that was not clearly raised by plaintiff.[1] This case is very similar to *Dorrough v. Commissioner of Social Security*, 2013 WL 2048445, *1 (E.D. Mich. 2013) (Rosen, C.J.), where the matter was remanded on grounds not raised by either party. In *Dorrough*, Judge Rosen concluded that under such

---

[1] Plaintiff contended that the ALJ improperly failed to obtain any consulting medical opinions and improperly rejected the treating physician opinions; thus, according to plaintiff, the ALJ must have been relying on his own beliefs in rejecting those treating physician opinions and succumbing to the temptation to "play doctor," given that no other medical opinions were in the record. However, the basis for remand was the ALJ's failure to obtain a medical opinion on the issue of equivalence, an issue not specifically raised by plaintiff. (*See* Dkt. 8, 12).

circumstances, "it was not only reasonable but correct for the Government to defend the decision of the Administrative Law Judge ('ALJ') to deny benefits, at least against the challenges actually pursued by Plaintiff and her counsel in this litigation." *Id*. And just as in *Saal*, this is not a case where overwhelming evidence of disability was presented. Rather, in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position. *Cummings v. Sullivan*, 950 F.2d 492, 500 (7th Cir. 1991). "[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996). The undersigned agrees with the Commissioner that the government's administrative and litigation positions were substantially justified, and that plaintiff's application for fees under the EAJA should be denied. Given this conclusion, the remainder of the Commissioner's objections to plaintiff's fee request need not be considered.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 25, 2014                              s/Michael Hluchaniuk
                                                  Michael Hluchaniuk
                                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on March 25, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Norton J. Cohen, Laura A. Sagolla, AUSA, Marc Boxerman and the Commissioner of Social Security.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov